## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| FIDELITY AND DEPOSIT COMPANY of MARYLAND, | § § § | |
| Plaintiff, | § § § | |
| v. | § § | Civil Action No. 3:20-cv-00046____ |
| LAKOTA CONTRACTING, INC. d/b/a NCF INTERIORS, NATIONAL COMMERICAL FLOORING, INC., REZA AMIRGHAFFARI, HOSSEIN AMIRGHAFFARI, ROYA AMIRGHAFFARI, and JOHN BOYLE, | § § § § § § § § | |
| Defendants. | § § | |

## FIDELITY AND DEPOSIT COMPANY OF MARYLAND'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COMES Fidelity and Deposit Company of Maryland ("F&D") and complains of Lakota Contracting, Inc., d/b/a NCF Interiors, National Commercial Flooring Inc., Reza Amirghaffari, Hossein Amirghaffari, Roya Amirghaffari, and John Boyle (collectively "Indemnitors") as follows:

### I.    PARTIES

1.    Plaintiff F&D is a corporation incorporated pursuant to the laws of the State of Maryland with its principal place of business in Schaumburg, Illinois.

2.    Defendant Lakota Contracting, Inc., d/b/a NCF Interiors ("NCFi") is a corporation incorporated in the State of Virginia with its principal place of business in Washington, D.C. and may be served with process by serving its registered agent, O'Riordan Bethel, at 1314 19th St. NW, Suite 1602, Washington, D.C. 20036.

_____
**FIDELITY AND DEPOSIT COMPANY OF MARYLAND'S ORIGINAL COMPLAINT**            **PAGE 1**

3.      Defendant National Commercial Flooring, Inc. ("National") is a corporation incorporated in the State of Virginia with its principal place of business in Virginia and may be served with process by serving its registered agent, William H. Casterline, Jr., at 4020 University Drive, Suite 312, Fairfax, VA 22030.

4.      Defendant Reza Amirghaffari is an individual resident and citizen of the State of Virginia, who may be served with process at 7760 Legere Court, McLean, VA 22102, or wherever he may be found.

5.      Defendant Hossein Amirghaffari is an individual resident and citizen of the State of Virginia, who may be served with process at 7760 Legere Court, McLean, VA 22102, or wherever he may be found.

6.      Defendant Roya Amirghaffari is an individual resident and citizen of the District of Columbia, who may be served with process at 900 3rd Street, SE, Washington, D.C. 20003, or wherever he may be found.

7.      Defendant John Boyle is an individual citizen of the State of Virginia, who may be served with process at 112 Bellaire Rd., Alexandria, VA 22301, or wherever he may be found.

## II.      JURISDICTION

8.      This Court has jurisdiction over the claims asserted herein pursuant to 28 U.S.C. § 1332 in that this is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000 exclusive of interest and costs.

## III.      VENUE

9.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) (2) as a substantial part of the events giving rise to the claims occurred in this judicial district.

---

## IV.     FACTS

10.     On various dates, each of the Indemnitors executed one or more Agreement(s) of Indemnity ("Indemnity Agreements") in favor of F&D. The Indemnity Agreements were executed and delivered to F&D as consideration for F&D issuing certain surety bonds on behalf of Indemnitors. True and correct copies of the Indemnity Agreements are attached hereto as Exhibit A-C:

(i)     Exhibit A – National, Reza, Hossein, and Boyle, Indemnity Agreement of May 26, 2005;
(ii)    Exhibit B – Lakota and Roya, Indemnity Agreement of June 5, 2009; and
(iii)   Exhibit C – NCFi, National, and Reza, Indemnity Agreement of January 1, 2012.

11.     In reliance upon the Indemnity Agreements, and at the request of Indemnitors, F&D issued the following payment and performance bonds in connection with the listed projects on behalf of Indemnitors (referred to collectively as the "Bonds").

| Performance & Payment Bond Nos. | Projects | Obligees |
|---|---|---|
| 9133575 | Ft. Bliss Replacement Hospital Project – PN 72481 | Clark McCarthy Healthcare Partners II |
| 9219571 | City Market at O-880P, Washington, D.C. | Clark Construction Group, LLC |
| 9226595 | The Wharf-Parcel 5 | Wharf 5 Hotel REIT Leaseholder LLC c/o Wharf District Master Developer LLC |
| 9186845 | West End Square 37, Washington, D.C. | Clark Multi-Family Builders-MidAtlantic, LLC |

12.     Claims have been made on the Bonds. As a result of such claims, F&D has incurred losses and expenses including, but not limited to, court costs, attorneys' fees, and consultant fees, which presently are in excess of $4,643,900.00.

13.     Indemnitors agreed to indemnify and exonerate F&D against any loss, cost, and expenses incurred by F&D as a result of having issued the Bonds, as follows:

INDEMNITY

SECOND: The Contractor and Indemnitors shall exonerate, indemnify, and keep indemnified the Surety from and against any and all liability for losses and/or expenses of whatsoever kind or nature (including, but not limited to, interests, courts costs, and counsel fees) and from and against any and all such losses and/or expenses which the Surety may sustain and incur: (1) By reason of having executed or procured the execution of the Bonds; (2) By reason of the failure of the Contractor or Indemnitors to perform or comply with the covenants and conditions of this Agreement; or (3) In enforcing any of the covenants and conditions of this Agreement. Payment by reason of the aforesaid causes shall be made to the Surety by the Contractor and Indemnitors as soon as liability exists or is asserted against the Surety, whether or not the Surety shall have made any payment therefor. Such payment shall be equal to the amount of the reserve set by the Surety. In the event of any payment by the Surety, the Contractor and Indemnitors further agree that in any accounting between the Surety and Contractor, or between the Surety and the Indemnitors, or either or both of them, the Surety shall be entitled to charge for any and all disbursements made by it in good faith in and about the matters herein contemplated by this Agreement under the belief that it is or was liable for the sums and amounts so disbursed, or that it was necessary or expedient to make such disbursements, whether or not such liability, necessity or expediency existed; and that the vouchers or other evidence of any such payments made by the Surety shall be prima facie evidence of the fact and amount of the liability to the Surety.

*See* Exhibits A, B, and C at 1, respectively.

14.     Despite demand, Indemnitors have failed to honor their obligations under the Indemnity Agreements and exonerate and indemnify F&D.

## V.     CAUSES OF ACTION

### COUNT ONE
### BREACH OF GENERAL AGREEMENT OF INDEMNITY

15.     F&D incorporates and realleges the factual allegations in the foregoing paragraphs as if set forth herein.

16.     Indemnitors have failed to honor their obligations under the Indemnity Agreements and exonerate and indemnify F&D.

_____

17.     As a result of Indemnitors' breach of the Indemnity Agreements, F&D has sustained losses and expenses, including, but not limited to, attorneys' fees and consultant fees, and continues to sustain losses and expenses.

18.     Pursuant to the clear terms of the Indemnity Agreements, F&D is entitled to a judgment for indemnity and exoneration against Indemnitors for F&D's losses and expenses including, but not limited to, attorneys' fees and consultant fees incurred as a result of issuing the Bonds to Indemnitors and pursuing its rights of indemnification. F&D is also entitled to payment equal to the amount of the reserve set by F&D in excess of what F&D has currently incurred.

**COUNT TWO**
**COLLATERALIZATION/QUIA TIMET**

19.     F&D incorporates and realleges the factual allegations in the foregoing paragraphs as if set forth herein.

20.     In addition to the contractual requirements set forth in the Indemnity Agreements requiring Indemnitors to reimburse F&D and make a payment to F&D equal to the amount F&D has set in reserve for loss in excess of that which is currently incurred, F&D has a common law right to require Indemnitors to post collateral to avoid depletion of Indemnitors' assets and to ensure faithful performance of Indemnitors' obligations.

21.     F&D seeks an order requiring Indemnitors to post collateral pending the outcome of this action to avoid depletion of Indemnitors assets and to ensure faithful performance of Indemnitors' obligations.

**COUNT THREE**
**COMMON LAW INDEMNIFICATION**

22.     F&D incorporates and realleges the factual allegations in the foregoing paragraphs as if set forth herein.

23.     Because F&D made payments in connection with the Bonds and the Projects, NCFi received valuable benefits to at least the amount of those payments.

24.     As a result of such payments, NCFi impliedly agreed to indemnify F&D for all such payments.

25.     NCFi has failed to fulfill its indemnity obligations to F&D. Because of NCFi's breach of its common law indemnity obligations, F&D has suffered a direct and proximate loss and is entitled to recover from NCFi its losses and expenses (including, but not limited to, attorneys' fees and consulting fees) incurred as a result of issuing the Bonds to NCFi and pursuing its rights of indemnification.

## COUNT FOUR
### EXONERATION

26.     F&D incorporates and realleges the factual allegations in the foregoing paragraphs as if set forth herein.

27.     Pursuant to the terms of the Indemnity Agreements and the doctrine of equitable exoneration, F&D is entitled to be exonerated by Indemnitors from all loss, liability, damage and expense threatened or incurred as a result of issuance of the Bonds.

## COUNT FIVE
### ACCESS TO BOOKS AND RECORDS

28.     F&D incorporates and realleges the factual allegations in the foregoing paragraphs as if set forth herein.

29.     Indemnitors agreed in their respective Indemnity Agreement to provide F&D access to their books and records, specifically:

BOOKS AND RECORDS

NINTH: At any time, and until such time as the liability of the Surety under any and all said Bonds is terminated, the Surety shall have the right to reasonable

_____

access to the books, records, and accounts of the Contractor, and Indemnitors; and any bank depository, materialman, supply house, or other person, firm, or corporation when requested by the Surety is hereby authorized to furnish the Surety any information requested including, but not limited to, the status of the work under contracts being performed by the Contractor, the condition of the performance of such contracts and payments of accounts.

*See* Exhibits A, B, and C at 3, respectively.

30.     Without access to Indemnitors' books and records, F&D cannot assess the assets owned by Indemnitors which are available to serve a collateral to F&D or be used in satisfaction of a judgment in favor of F&D. F&D is concerned that depletion of Indemnitors' assets may occur pending trial of this matter. Further, F&D needs access for purposes of record keeping issues on defaulted projects for which claims have been made on performance bonds. Under the circumstances, access to and a complete accounting of the books and records of Indemnitors is necessary because F&D has no other adequate remedy in law. Accordingly, F&D asks that the Court specifically enforce the books and records provision of the Indemnity Agreements.

## COUNT SIX
### ATTORNEYS' FEES, COSTS, AND INTEREST

31.     F&D incorporates and realleges the factual allegations in the foregoing paragraphs as if set forth herein.

32.     Indemnitors have failed to honor their obligations under the Indemnity Agreements and exonerate and indemnify F&D. As a result of this failure, F&D has been compelled to engage the law firm of Clark Hill Strasburger to bring this action against Indemnitors for the enforcement of the Indemnity Agreements. Pursuant to the terms of the Indemnity Agreements, F&D is entitled to recover from Indemnitors, in addition to the amount of its damages suffered as a result of Indemnitors' breach of contract and sought in this Complaint, attorneys' fees incurred not only in the prosecution of this suit but also in the

investigation and response to the claims asserted against the Bonds issued by F&D in connection with the Project.

33.     In addition to their right to attorneys' fees under the Indemnity Agreements, F&D is entitled to reasonable attorneys' fees pursuant to §38.001 of the Texas Civil Practice & Remedies Code in addition to the amount of its damages suffered as a result of Indemnitors' breach of contract.

34.     F&D is also entitled to recover from Indemnitors, jointly and severally, all court costs plus pre-judgment and post-judgment interest at the maximum legal rate allowed by law.

## VI.     CONDITIONS PRECEDENT

35.     All conditions precedent to F&D's entitlement to assert the above claims and causes of action have occurred or have been satisfied, waived, or excused.

WHEREFORE, Plaintiff F&D requests that Indemnitors be cited to appear and answer and, upon final hearing or trial, that the Court enter judgment against Indemnitors, jointly and severally, in favor of F&D for all losses and expenses, including, but not limited to, attorneys' fees and consultant fees, incurred by F&D as a result of executing the Bonds and enforcing its rights under the Indemnity Agreements; that the Court order Indemnitors to pay F&D the amount F&D has set in reserve for loss in excess of what it has currently incurred; that the Court specifically enforce the books and records provision of the Indemnity Agreements and direct Indemnitors to immediately provide F&D with full access to their books and records; that the Court enter judgment for F&D to recover all its court costs plus pre-judgment and post-judgment interest at the maximum amount allowed by law; and that the Court award F&D such other and further relief at law or in equity to which it is justly entitled.

_____

Respectfully submitted,


 */s/ Christopher R. Ward*
CHRISTOPHER R. WARD
State Bar No. 24008233
cward@clarkhill.com
CLARK HILL STRASBURGER
2600 Dallas Parkway, Suite 600
Frisco, Texas 75034
Telephone: (214) 651-4722
Facsimile:  (214) 659-4108

ATTORNEYS FOR FIDELITY AND DEPOSIT
COMPANY OF MARYLAND